[Cite as *In re N.S.*, 2012-Ohio-4789.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN THE MATTER OF: N.S. | : | JUDGES: |
|  | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
|  | : | Hon.Sheila G. Farmer, J. |
|  | : |  |
|  | : |  |
|  | : | Case No. 2012-CA-00124 |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Civil appeal from the Stark County Court of
                                Common Pleas, Juvenile Division, Case
                                No. 2012JCV00231

JUDGMENT:                        Affirmed

DATE OF JUDGMENT ENTRY:          October 15, 2012

APPEARANCES:

For Plaintiff-Appellee
LISA A. LOUY
JIM PHILLIPS
SCJFS
221 Third Street SE
Canton OH 44702

For Defendant-Appellant
ALLYSON BLAKE
122 Central Plaza North
Ste. 101
Canton, OH  44702

*Gwin, P.J.*

{¶1} Shawna F., the natural mother of N.S., appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which terminated her parental rights and granted permanent custody of N.S. to appellee Stark County Department of Job and Family Services ("JFS"). Appellant assigns two errors to the trial court:

{¶2} "I. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶3} "II. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

{¶4} The record indicates N.S. was born on February 27, 2012, and on February 28, 2012, JFS filed a complaint alleging dependency and neglect, and seeking permanent custody of the child. The permanent custody trial was scheduled for March 27, 2012, but father appeared on that date and requested an attorney be appointed. Father is not a party to this appeal. The trial was continued to May 10, 2012, and the judgment appealed from was entered on June 7, 2012.

{¶5} A trial court's decision to grant permanent custody of the child must be supported by clear and convincing evidence, which the Ohio Supreme Court has defined as the measure or degree of proof that produces in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate,

being more than a mere preponderance, but not to the extent of beyond a reasonable doubt as is required in criminal cases. *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E. 2d 118 (1954); *In Re: Adoption of Holcomb*, 18 Ohio St. 3d 361, 481 N.E. 2d 613 (1985).

{¶6} This court reviews the trial court's decision by examining the record to determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof. *State v. Schiebel,* 55 Ohio St. 3d 71, 74, 564 N.E. 2d 54 (1990). A reviewing court may not reverse a trial court's judgment if it is supported by some competent and credible evidence going to all the essential elements of the case. Id. We may not substitute our judgment for that of the trial court, but must defer to the trier of fact on issues of credibility of witnesses and the weight to be given to the evidence. *Seasons Coal Company v. Cleveland,* 10 Ohio St. 3d 77, 461 N.E. 2d 1273 (1984). It is crucial that we defer to the trial court on matters of credibility in a child custody case because there may be much more evident in the parties' demeanor and attitudes that will not translate well to the record. *Davis v. Flickinger,* 77 Ohio St. 3d 415, 674 N.E. 2d 1159 (1997).

I.

{¶7} In her first assignment of error, appellant argues the trial court's determination that N.S. cannot or should not be placed with her within a reasonable time is against the manifest weight and sufficiency of the evidence.

{¶8} The trial court made findings of fact. The court found the father had a criminal history, and JFS had prior involvement with the parties. In 2008 the court granted legal custody of two of the parties' children to the maternal grandmother. In 2010, the court granted permanent custody of another child, who was born cocaine

positive, to JFS. The parents have a history of substance abuse and domestic violence and have maintained unsanitary home conditions.

{¶9} The trial court cited R.C. 2151.414(E) as setting forth the factors a trial court should consider in determining whether the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. Factor No. 11 is whether the parent has had parental rights involuntarily terminated with respect to a sibling of the child, and has failed to provide clear and convincing evidence to prove that notwithstanding the prior termination the parent can provide a legally secure permanent placement and adequate care for health, welfare, and safety of the child.

{¶10} A trial court may base its decision that a child cannot or should not be placed with a parent within a reasonable time if it finds any one of the factors listed in R.C. 2151.414 is present. The existence of a single factor will support a finding the child cannot be placed with a parent within a reasonable time. See *In Re: William S.,* 75 Ohio St. 3d 95, 661 N.E. 2d 738 (1996).

{¶11} . We find there is sufficient, competent and credible evidence in the record to support the trial court's decision by clear and convincing evidence.

{¶12} The first assignment of error is overruled.

II.

{¶13} In her second assignment of error, appellant argues the trial court's finding that permanent custody was in the best interest of the child was against the manifest weight and sufficiency of the evidence.

{¶14} R.C. 2151.41(D) lists the factors which the court must consider, including, but not limited to:

**{¶15}** (a) The interaction and interrelationship with the child with his parents, siblings, relatives, foster parents and out of home providers and any other person who may significantly affect the child;

**{¶16}** (b) The wishes of the child as expressed directly or indirectly by the child or through the guardian ad litem, with due regard for the maturity of the child;

**{¶17}** (c) The cultural history of the child;

**{¶18}** (d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; and

**{¶19}** (e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

**{¶20}** The trial court made findings of fact regarding the best interest of the child. The court found N.S. has been in the temporary custody of the agency since birth, and is doing well in her foster-to-adopt home. She has no developmental delays and is very bonded to the foster mother. N.S. is not being placed with her sibling from the 2010 case, but the two mothers live in the same neighborhood and will facilitate sibling visits.

**{¶21}** The court found N.S. has a slight bond with appellant and minimal bond with the father. The court further found there were no identified relatives with an approved home study, and the guardian ad litem recommended permanent custody be granted to JFS. The trial court found the harm caused by severing the bond with the parents is outweighed by the benefits of permanency in N.S.'s life.

**{¶22}** We find the record contains sufficient, competent and credible evidence supporting the trial court's decision by clear and convincing evidence it is in N.S's best interest for the court to grant permanent custody of her to JFS.

**{¶23}** The second assignment of error is overruled.

**{¶24}** For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

WSG:clw1002

[Cite as *In re N.S.*, 2012-Ohio-4789.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN THE MATTER OF: N.S.        :
:
:
:
:
:
:       JUDGMENT ENTRY
:
:
:
:       CASE NO. 2012-CA-00124


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed. Costs to appellant.


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER